IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALIM HAJIANI,

    Plaintiff,

       v.

ROSE SERVICES, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-177-TWT

## OPINION AND ORDER

The Defendant, who owns a gas station/convenience store in Conyers, Georgia, argues that the Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 200 et seq.) does not apply to the Plaintiff, who was a cashier in the store. The Defendant contends that neither the Plaintiff nor the store engaged in commerce or in the production of goods for commerce. Hajiani's affidavit provides evidence that the Defendant sold gasoline and other items from outside the state of Georgia, to citizens of other states, using interstate communication to facilitate transactions. Therefore, the Court denies the Defendant's Motion for Summary Judgment, permitting Hajiani's claim for overtime pay under the FLSA to continue.

## I.  Background

The Plaintiff, Salim Hajiani, began working for Defendant's Next Level Fuel

gas station/convenience store located in Conyers, Georgia in late 2009.  (Hajiani Dep. at 9-11.)  Hajiani worked at Next Level Fuel as a cashier and also stocked shelves and performed other tasks in the store.  (Hajiani Dep. at 10; Hajiani Aff. ¶ 3.)  Hajiani saw that many customers who purchased gas from Next Level Fuel had out of state license tags and that many truckers with out of state tags purchased diesel fuel at the store.  (Hajiani Aff. ¶¶ 6-7.)  When Hajiani sold alcohol to a customer, he checked their identification and many times these customers had driver's licenses from a different state.  (Hajiani Aff. ¶ 8.)  As a cashier, Hajiani sold many items made in a different state and stocked shelves with many items from different states, such as tobacco, alcohol, food, and magazines.  (Hajiani Aff. ¶ 9.)

Hajiani states that he worked approximately 70 hours per week for $9 per hour.  (Hajiani Dep. at 30-31.)  Hajiani says that he was paid $630 per week with a check for $400 minus taxes taken out by the Defendant, and the remainder in cash.  (Hajiani Dep. at 30-32.)  Hajiani states that he was not paid overtime for the approximately 30 hours per week he worked in excess of 40 hours per week in violation of the FLSA.  (Id.)  The Defendant moves for summary judgment, arguing that the FLSA is not triggered because neither Hajiani nor Next Level Fuel was engaged in commerce or in the production of goods for commerce.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

The FLSA generally requires employers to compensate employees one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.  29 U.S.C. § 207(a); Birdwell v. City of Gasden, Ala., 970 F.2d 802 (11th Cir. 1992).  Section 207, which deals with overtime, applies to employees 1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or 2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  FLSA enterprise coverage has been triggered

here.

An "'[e]nterprise engaged in commerce or in the production of goods for commerce' means an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A).  The Defendant has conceded that the second prong of the enterprise coverage test has been satisfied, with gross annual sales in excess of $500,000.  (Def.'s Resp. to Pl.'s First Interrogatory, at 7.)

Hajiani worked in a gas station/convenience store that handled goods (including gasoline) produced out of state and sold to persons traveling between the states. Gasoline is used in and for interstate commerce, and the FLSA applies to gas station employees. See Kinzer v. Stelling, No. 6:11-CV-465, 2012 WL 1405694, at *3-*4 (M.D. Fla. Mar. 28, 2012) (reasoning that "the legislative history shows that gas service station employees were engaged in commerce and were meant to be covered under the FLSA" after discussing the past exemption that gas stations enjoyed from the FLSA which had since been repealed); Brennan v. Ventimiglia, 356 F. Supp. 281,

282-83 (N.D. Ohio 1973) (finding that employees who sold products such as gasoline were engaged in commerce under the FLSA because "the products sold for automobiles would be those which would be expected to move in commerce."). Hajiani states that the store sold many other items made out of state including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries. (Hajiani Aff. ¶¶ 9-10.)  He also states that the store utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.  (Hajiani Aff. ¶¶ 5, 11.)  Next Level Fuel engaged in "commerce," as it engaged in or facilitated transportation and communication between Georgia and other states.  See 29 U.S.C. § 203(b) ("'Commerce' means trade commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.").  Next Level Fuel engaged in "production of goods for commerce" as well, as it handled gasoline.  "Produc[tion]" has a very broad meaning as defined by the FLSA, and "means produced, manufactured, mined, handled, or in any other manner worked on in any State."  29 U.S.C. § 203(j).  Therefore, the Court holds that Hajiani is covered under the FLSA by enterprise coverage.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the Court DENIES the Defendant's Motion for

Summary Judgment [Doc. 24].

SO ORDERED, this 14 day of June, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge