Case 1:12-cv-00177-TWT   Document 52   Filed 10/15/13   Page 1 of 6

FILED IN OPEN COURT
U.S.D.C. Atlanta

OCT 15 2013

JAMES N. HATTEN, Clerk
By: *SSewell* Deputy Clerk

## SETTLEMENT RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between ROSE SERVICES, INC.; SOHANI ENTERPRISES, INC.; NABAT PROPERTIES, LLC; FATIMA BUSINESS, INC.; HAMZA PROPERTIES, LLC; RAZIA GROUP INC.; ALI PROPERTIES, LLC; AIRPORT SHELL 1 & 2; MEHMOOD SOHANI; and SALEEM ALI, (collectively hereinafter referred to as the "**Employer**" or "**Employers**") on behalf of themselves, their subsidiaries and other corporate affiliates and each of their respective present and former employees, officers, directors, owners, shareholders and agents, individually and in their official capacities (collectively referred to herein as the "**Employer Group**"), and SALIM HAJIANI (the "**Employee**") (the Employers and the Employee are collectively referred to herein as the "**Parties**").

WHEREAS, Employee has made various claims against Employer, including claims relating directly to his employment, as well as various State tort claims not relating directly to his employment, including the following three lawsuits that are still active: Hajiani v. Rose Services, Inc., U.S. District Court, Northern District of Georgia, Case No. 1:12-CV-0177-TWT; Hajiani v. Sohani Enterprises, Inc., et al., U.S. District of Georgia, Case No. 1:12-CV-04165-SCJ; and Hajiani v. Ali Properties, Inc d/b/a a/k/a Airport Shell, et al., U.S. District Court, Northern District of Alabama, Case No. 2:13-CV-1247-KOB;

WHEREAS, Employers have denied every allegation of wrongdoing contained in Employee's various Federal Court Complaints, Charges of Discrimination, and in all the other papers filed or served by or on behalf of Employee in this matter or before any court or administrative agency, both State and Federal;

WHEREAS, no Court or administrative agency has made any findings in favor of Employee regarding the various claims and charges he has made against Employers;

WHEREAS, the Parties desire to resolve the various claims made by Employee to avoid any further litigation;

NOW, THEREFORE, in consideration of the promises and obligations set forth herein, the parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing herein shall be construed to be an admission by Employers, or any of them, of any wrongdoing or noncompliance with any federal, state, city or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law or of any other unlawful conduct, liability, wrongdoing or breaches of any duty whatsoever. Employers specifically disclaim and deny any liability to Employee.

2. _Payment_. In consideration for Employee's execution, non-revocation of, and compliance with this Agreement, including the waiver and release of claims in paragraph 3 below, Employers agree to provide Employee with the total settlement sum of $15,000 for and in full consideration and satisfaction of all claims that Employee has or may have against Employers, or any one of the Employers, whether known or unknown, asserted or unasserted, based on any conduct occurring up to and including the date of the execution of this Agreement as follows:

(a) Ten Dollars ($10.00) in full satisfaction of all claims Employee may have for lost wages, lost back pay, front pay or benefits to be paid to Employee. Employer shall issue a Form 1099 to Employee.

(b) Nine Thousand Nine Hundred and Ninety Dollars ($9,990.00) in full satisfaction of all claims Employee may have for alleged non-economic damages, including but not limited to any alleged claims of emotional distress, defamation, assault, fraud, battery, breach of contract, and other compensatory damages to be paid to Employee. Employer shall issue a Form 1099 to Employee.

(c) Five Thousand Dollars ($5,000.00) in full satisfaction of all claims Employee may have for attorneys' fees and disbursements to be paid directly to Employee's attorney, Howard W. "Tres" Indermark. Employer shall issue a Form 1099 to Employee and/or Employee's counsel.

Employee agrees and acknowledges that Employers and their counsel have not made any representations to him regarding the tax consequences of any payments or amounts received by him pursuant to this Agreement. Employee agrees to indemnify Employers, and any one of them, against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the settlement payment.

Payment will be made by check to Employee and his counsel within 15 days after the Effective date of this Agreement.

3. _Release of Claims_. In exchange for the promises made by Employer in this Agreement, Employee and his heirs, executors, administrators and assigns (collectively the "**Releasors**") forever waive, release and discharge the Employer from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Employee has ever had against the Employer by reason of any actual or alleged act,

omission, transaction, practice, conduct, occurrence or other matter up to and including the date of his execution of this Agreement, including all claims made in the three active lawsuits listed above, and including, but not limited to (a) any claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Fair Labor Standards Act, all state and local statutes that may be legally waived that employees could bring could bring employment claims under, including any state or local anti-discrimination statute, wage and hour statute, leave statute, equal pay statute, and whistleblower statute, and/or any other Federal, state or local law (statutory, regulatory or otherwise) that may be legally waived and released and (b) any tort and/or contract claims, including any claims of wrongful discharge, defamation, emotional distress, tortious interference with contract, invasion of privacy, nonphysical injury, assault, battery, personal injury or sickness or any other harm. However, this general release of claims excludes the filing of an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, and participation in an investigation or proceeding, although Employee waives any right to monetary relief related to such a charge. This general release of claims also excludes any claims made under state workers' compensation or unemployment laws, and/or any claims which cannot be waived by law.

4. <u>Withdrawal and Stipulation of Dismissal</u>. In exchange for the receipt of payment pursuant to the terms of this Agreement, Employee shall dismiss with prejudice the three active lawsuits listed above.

5. <u>Employee Acknowledgments</u>. Employee specifically represents, warrants and confirms that he is not a party to any allegations, claims, charges, actions, complaints, lawsuits, appeals or proceedings against Employer in any form or forum other than the three lawsuits listed above, which Employee agrees to dismiss with prejudice.

Employee specifically represents, warrants and confirms that as of the date of this Agreement he has been paid and has received all leave, paid and unpaid, compensation, wages, bonuses, commissions and benefits to which he may be entitled and that no other leave, paid or unpaid, compensation, wages, bonuses, commissions or benefits are due to him, except as provided in this Agreement.

Employee specifically represents, warrants and confirms that he has no known workplace injuries or occupational diseases which may be compensable under the Georgia or Alabama Workers' Compensation Laws, and has been provided or has not been denied any leave requested under the Family and Medical Leave Act.

6. <u>Attorneys' Fees and Costs</u>. Except as specified herein, Employer and Employee shall bear their own respective costs and fees, including attorneys' fees incurred in the three lawsuits listed above.

7. <s><u>Confidentiality</u>. Employee represents, warrants and confirms that he has</s> not disclosed or discussed, orally or in writing, the negotiations and discussions leading to this Agreement, the existence of this Agreement or any of its terms or conditions with any person, organization or entity other than his spouse, attorney or tax advisor. Employee agrees to maintain confidentiality, except as required by law, regarding his various allegation released herein, all matters concerning his employment with Employer that were at issue in this matter, the negotiations and discussions leading to this Agreement and the existence and substance of this Agreement, including the amount paid under this Agreement, except that Employee may disclose this Agreement to his spouse, attorney and tax advisor. Upon receipt of an inquiry regarding the Action or this Agreement from someone other than Employee's spouse, attorney or tax consultant, the <s>Parties shall state only that "the matter has been resolved"</s>

8. <u>Waiver of Future Employment</u>. Employee waives all rights and claims to reinstatement as an employee/employment with any and all of the Employers and agrees that he will not knowingly seek or accept future employment with Employer or Employer's parents, subsidiaries and other corporate affiliates or with any successor or assign. Employee agrees that if Employer or Employer's parents, subsidiaries and other corporate affiliates or any successor or assign declines to employ him, they shall not be liable for any damages.

9. <u>Knowing and Voluntary Acknowledgment</u>. Employee specifically agrees and acknowledges that: (a) Employee has read this Agreement in its entirety and understands all of its terms; (b) Employee has been advised of and has availed himself of his right to consult with his attorney prior to executing this Agreement; (c) Employee knowingly, freely and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release and covenants contained herein; Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; and that (d) Employee is not waiving or releasing rights or claims that may arise after his execution of this Agreement.

10. <u>Governing Law</u>. This Agreement, for all purposes, shall be construed in accordance with the laws of Georgia without regard to conflict-of-law principles. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in state or federal court located in the state of Georgia. The Parties hereby irrevocably submit to the jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

11. <u>Entire Agreement</u>. This Agreement contains all of the understandings and representations between Employer and Employee relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations and warranties, both written and oral, with respect to such subject matter. The Parties mutually agree that this Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging breach of this Agreement.

12. <u>Court Approval</u>. The Parties agree that this Agreement is contingent on approval by the Court. If the Court does not approve all portions of this Agreement, including approval of the amounts paid in full satisfaction of Employee's Fair Labor Standard Act (FLSA) claims in the three active lawsuits listed above, then this Agreement shall be null and void.

13. <u>Captions</u>. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

14. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

15. <u>Enforcement</u>. Should either Party breach any of the terms of this Agreement, to the extent authorized by state law, the breaching party shall be responsible for payment of all reasonable attorneys' fees and costs that the non-breaching party incurred in the course of enforcing the terms of this Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE HAS FULLY READ, UNDERSTANDS AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN

ATTORNEY OF HIS CHOICE BEFORE SIGNING THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT HIS SIGNATURE BELOW IS AN AGREEMENT TO RELEASE EMPLOYER FROM ANY AND ALL CLAIMS.

**On behalf of Employers:**

Date: 10/15/13

By: _____
MEHMOOD SOHANI, Individually
and as representative of Employer entities

Date: 10/15/13

By: _____
SALEEM ALI, Individually and as
representative of Ali Properties, LLC

SALIM HAJIANI

Date: 10/15/13

By: _____

Print name: Salim Hajiani

Howard W. "Tres" Indermark of Indermark|Vaishnav, LLC, counsel to Employee, has explained the facts and legal significance of this Agreement to Employee, and by his signature does witness and approve the acceptance the same by Employee. Counsel further acknowledges that the amounts set forth in Paragraph 2 include any and all attorneys' fees, expenses, costs, or other amounts due to him or his firm in any and all matters against the Employers arising out of his firm's representation of Employee, and on behalf of himself and his firm does hereby waive and release the Employer Group from any and all claims for such fees.

**Witnessed and approved by:**

_____
HOWARD W. "TRES" INDERMARK
Indermark|Vaishnav, LLC

Page 6 of 6

approved.
Thomas W. Thrash